UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| ALONZO JEROME WALLACE, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 1:17-CV-406-TLS |
| | ) | |
| NANCY A. BERRYHILL, | ) | |
| ACTING COMMISSIONER OF THE | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Plaintiff Alonzo Jerome Wallace seeks review of the final decision of the Acting Commissioner of the Social Security Administration (Commissioner) denying his application for disability insurance benefits and for supplemental security income. The Plaintiff argues that the Commissioner wrongfully denied him disability benefits and supplemental security income and erred by failing to give good reasons for discounting the opinion of a treating medical source; failing to incorporate appropriate limitations regarding concentration, persistence, and pace into the hypothetical posed to the vocational expert, and therefore, into his Residual Functional Capacity; and failing to adequately consider his subjective testimony regarding the intensity, persistence, and limiting effects of his symptoms.

**BACKGROUND**

On May 10, 2014, the Plaintiff filed his Title II application for a period of disability and disability insurance benefits, and on May 20, 2014, also filed a Title XVI application for supplemental security income, alleging disability beginning on November 3, 2012. (R. 15.) His

claims were denied initially on June 23, 2014, and upon reconsideration on October 20, 2014. (*Id.*) On April 11, 2016, the Plaintiff appeared with counsel and testified at a hearing before an administrative law judge (ALJ). (*Id.*) Scott B. Silver, a vocational expert, also appeared and testified at the hearing. (*Id.*) On May 3, 2016, the ALJ denied the Plaintiff's application, finding he was not disabled as of his alleged onset date. (R. 15–26.) On July 26, 2017, the ALJ's decision became the final decision of the Commissioner when the Appeals Council denied the Plaintiff's request for review of the ALJ's decision. (R. 1–3.)

On September 20, 2017, the Plaintiff filed this claim [ECF No. 1] in federal court against the Acting Commissioner of the Social Security Administration.

## THE ALJ'S FINDINGS

Disability is defined as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). To be found disabled, a claimant must demonstrate that his physical or mental limitations prevent him from doing not only his previous work, but also any other kind of gainful employment that exists in the national economy, considering his age, education, and work experience. §§ 423(d)(2)(A), 1382c(a)(3)(B).

An ALJ conducts a five-step inquiry in deciding whether to grant or deny benefits. 20 C.F.R. §§ 404.1520, 416.920. The first step is to determine whether the claimant no longer engages in substantial gainful activity (SGA). *Id.* In the case at hand, the ALJ found that the Plaintiff has been unable to engage in SGA since his alleged onset date, November 3, 2012. (R. 17.)

In step two, the ALJ determines whether the claimant has a severe impairment limiting his ability to do basic work activities under §§ 404.1520(c), 416.920(c). In this case, the ALJ determined that the Plaintiff had multiple severe impairments, including degenerative disc disease of the lumbar spine with herniated disc at L5-S1 status-post right L5-S1 discectomy, S1 root decompression, and revision decompression at L5-S1 and right-sided approach transforaminal lumbar interbody fusion (TLIF) at L5-S1 with L5-S1 lateral mass fusion, degenerative joint disease of the bilateral knees, colon cancer, and major depressive disorder. (R. 17.) The ALJ found that these impairments caused more than minimal limitations in the Plaintiff's ability to perform the basic mental and physical demands of work. (*Id*.) The ALJ found that the Plaintiff's medically determinable impairments of cocaine use disorder and benign hypertension were not severe impairments because they did not cause more than minimal functional limitations. (R. 18.)

Step three requires the ALJ to "consider the medical severity of [the] impairment" to determine whether the impairment "meets or equals one of the [the] listings in appendix 1 . . . ." §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). If a claimant's impairment(s), considered singly or in combination with other impairments, rise to this level, there is a presumption of disability "without considering [the claimant's] age, education, and work experience." §§ 404.1520(d), 416.920(d). But, if the impairment(s), either singly or in combination, fall short, the ALJ must proceed to step four and examine the claimant's "residual functional capacity" (RFC)—the types of things he can still do, despite his limitations—to determine whether he can perform "past relevant work," §§ 404.1520(a)(4)(iv), 416.920(A)(4)(iv), or whether the claimant can "make an adjustment to other work" given the claimant's "age, education, and work experience." §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

The ALJ determined that the Plaintiff's impairments did not meet or equal any of the listings in Appendix 1, and found that the Plaintiff had mild restriction in activities of daily living, no difficulties with social functioning, and moderate difficulties with regard to concentration, persistence, and pace. (R. 18.) The ALJ determined that the Plaintiff had the RFC to perform sedentary work, as defined in 20 C.F.R. §§ 404.1567(a) and 416.967(a) except:

> [H]e must be able to alternate to standing for five minutes after every thirty minutes of sitting. The claimant is limited to standing to two hours in an eight-hour workday and he must be able to alternate to sitting for five minutes after every thirty minutes of standing. He is able to walk two hours in an eight-hour workday and he must be able to alternate to sit for five minutes after every thirty minutes of walking. The claimant is limited to pushing and/or pulling amounts as much as he can lift and carry. He can occasionally climb on ladders, ropes, and scaffolding. The claimant can never crawl. He can occasionally be exposed to unprotected heights and moving mechanical parts. The claimant can frequently be exposed to humidity and wetness. He can occasionally be exposed to wet slippery surfaces. The claimant is limited to performing simple, routine tasks. The time off task can be accommodated by normal breaks.

(R. 19.)

After analyzing the record, the ALJ concluded that the Plaintiff was not disabled as of his alleged onset date. The ALJ evaluated the objective medical evidence and the Plaintiff's subjective symptoms and found that the Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms. (R. 23.) But, the ALJ found that the Plaintiff's testimony and prior statements regarding the intensity, persistence, and limiting effects of these symptoms were "not entirely consistent with the medical evidence and other evidence in the record." (*Id.*)

The Plaintiff had past relevant work as a fence installer/general laborer, cook, and a fast food worker, which ranged from light to heavy exertional work. (R. 24.) The ALJ concluded that the Plaintiff was not capable of performing any past relevant work. (*Id.*) However, relying on the vocational expert's testimony, the ALJ found that "considering the claimant's age, education,

4

work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform." (R. 25.) Thus, the ALJ found that the Plaintiff was not disabled as defined in the Social Security Act since his alleged onset date. (R. 26.)

## STANDARD OF REVIEW

The decision of the ALJ is the final decision of the Commissioner when the Appeals Council denies a request for review. *Liskowitz v. Astrue*, 559 F.3d 736, 739 (7th Cir. 2009). The Social Security Act establishes that the Commissioner's findings as to any fact are conclusive if supported by substantial evidence. *See Diaz v. Chater*, 55 F.3d 300, 305 (7th Cir. 1995). Thus, the Court will affirm the Commissioner's finding of fact and denial of disability benefits if substantial evidence supports them. *Craft v. Astrue*, 539 F.3d 668, 673 (7th Cir. 2009). Substantial evidence is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *Henderson v. Apfel*, 179 F.3d 507, 512 (7th Cir. 1999).

It is the duty of the ALJ to weigh the evidence, resolve material conflicts, make independent findings of fact, and dispose of the case accordingly. *Richardson*, 402 U.S. at 399–400. The reviewing court reviews the entire record; however it does not substitute its judgment for that of the Commissioner by reconsidering facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *See Diaz*, 55 F.3d at 308. The court will "conduct a critical review of the evidence," considering both the evidence that supports, as well as the evidence that detracts from, the Commissioner's decision, and "the decision cannot stand if it

lacks evidentiary support or an adequate discussion of the issues." *Lopez ex rel. Lopez v. Barnhart*, 336 F.3d 535, 539 (7th Cir. 2003) (internal quotations omitted).

When an ALJ recommends the denial of benefits, the ALJ must first "provide a logical bridge between the evidence and [her] conclusions." *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009) (internal quotation marks and citation omitted). Though the ALJ is not required to address every piece of evidence or testimony presented, "as with any well-reasoned decision, the ALJ must rest its denial of benefits on adequate evidence contained in the record and must explain why contrary evidence does not persuade." *Berger v. Astrue*, 516 F.3d 539, 544 (7th Cir. 2008). However, if substantial evidence supports the ALJ's determination, the decision must be affirmed even if "reasonable minds could differ concerning whether [the claimant] is disabled." *Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008).

## ANALYSIS

The Plaintiff argues that the ALJ erred by failing to give good reasons for discounting the opinion of a treating medical source; failing to incorporate appropriate limitations regarding concentration, persistence, and pace into the hypothetical posed to the VE and, therefore, into his residual functional capacity; and failing to adequately consider his subjective testimony regarding the intensity, persistence, and limiting effects of his symptoms.

**A.      Treating Medical Source**

The Court agrees with the Plaintiff that the ALJ did not give good reasons for discounting the Plaintiff's treating medical source, Karen Lothamer, a psychiatric nurse. Assessing the weight to afford the opinion depends on a number of factors, such as the length, nature, and

extent of the physician and claimant's treatment relationship, 20 C.F.R. § 404.1527(c)(2)(i)–(ii); whether the physician supported his or her opinions with sufficient explanations, *id.* § 404.1527(c)(3); and whether the physician specializes in the medical conditions at issue, *id.* § 404.1527(c)(5). If the ALJ discounts the physician's opinion after considering these factors, that decision stands so long as the ALJ "minimally articulate[d]" his reasons. *Berger*, 516 F.3d at 545 (quoting *Rice v. Barnhart*, 384 F.3d 363, 372 (7th Cir. 2004)).

It is not the reviewing Court's job to determine whether the treating physician's opinion should have been given controlling weight. *See Clifford*, 227 F.3d at 869 ("[W]e review the entire record, but do not reweigh the evidence, resolve conflicts, decide questions of credibility, or substitute our own judgment for that of the Commissioner."). However, an ALJ must give "good reasons" for the weight afforded to a treating source's opinion. 20 C.F.R. § 404.1527(c)(2). "The ALJ must give substantial weight to the medical evidence and opinions submitted, unless specific, legitimate reasons constituting good cause are shown for rejecting it." *Knight v. Chater*, 55 F.3d 309, 314 (7th Cir. 1995) (first citing 20 C.F.R. §§ 404.1527(c)–(d); then citing *Washington v. Shalala*, 37 F.3d 1437, 1440 (10th Cir. 1994); and then citing *Edwards v. Sullivan*, 985 F.2d 334, 337 (7th Cir. 1993)). A court on review must uphold "all but the most patently erroneous reasons for discounting a treating physician's assessment." *Luster v. Astrue*, 358 F. App'x 738, 740 (7th Cir. 2010).

The ALJ's reasoning with regard to Ms. Lothamer's opinion is that it was "not consistent with the record as a whole and not supported with an explanation. The mental status examinations in the record showed improvement and a nearly normal mental status examination by December 2015." (R. 24.) This is far from providing even a "minimum articulation" of "specific legitimate reasons" to reject Ms. Lothamer's opinion. The ALJ may have had good

7

reasons for doing so, but he has not explained them and therefore has not created a logical bridge for the Court to meaningfully review. Therefore, the Court must remand this case.

**B.      Concentration, Persistence, and Pace**

The ALJ found in step three that "[w]ith regard to concentration, persistence or pace, the claimant has moderate difficulties," although those difficulties did not meet or medically equal the severity of one of the listed impairments. (R. 18.) The ALJ reasoned that "[t]he claimant has a mental impairment [major depressive disorder] which by its nature is likely to interfere with an individual's ability to concentrate." (*Id.*) The ALJ also acknowledged that the Plaintiff's "stated pain interferes with his ability to pay attention at times depending on the intensity of his pain." (*Id.*) In the Plaintiff's RFC, the ALJ accounted for the Plaintiff's difficulties with concentration, persistence, and pace by limiting the plaintiff "to simple, routine tasks," where "time off task can be accommodated by normal breaks." (R. 19.) First, the Court agrees with the Plaintiff that time off task being "accommodated by normal breaks" is fundamentally not a limitation on the Plaintiff's RFC because it contemplates no interference whatsoever with the Plaintiff's ability to hold a full-time job.

The Seventh Circuit has "repeatedly rejected the notion that . . . confining the claimant to simple, routine tasks and limited interactions with others adequately captures temperamental deficiencies and limitations in concentration, persistence, and pace." *Yurt v. Colvin*, 758 F.3d 850, 858–59 (7th Cir. 2014); *see also Stewart v. Astrue*, 561 F.3d 679, 985 (7th Cir. 2009) (noting repeated rejection of the contention that "restricting the inquiry to simple, routine tasks that do not require constant interactions with coworkers or the general public" accounts for limitations in concentration, persistence, and pace); *Craft*, 539 F.3d at 677–78 (restriction to

unskilled, simple work insufficient to account for difficulties with memory, concentration, and mood swings). Even if it were the case that the Plaintiff's difficulties in concentration, persistence, and pace could be accommodated by "simple, routine tasks," the ALJ did not provide any explanation as to how this limitation is adequate and thus failed to build a logical bridge from the evidence to his conclusion. The ALJ determined that the Plaintiff had moderate difficulties in maintaining concentration, persistence, and pace, and those "do not simply disappear after step three as []he starts with an entirely clean slate of no difficulties for the RFC analysis. Such a finding or assumption by an ALJ is inconsistent and not supported by substantial evidence." *Schadenforh v. Colvin*, No. 1:13-cv-223, 2014 WL 1260123 (S.D. Ind. Mar. 27, 2014). Thus, the RFC does not properly account for all of the Plaintiff's limitations.

Moreover, the Seventh Circuit has "stated repeatedly that ALJs must provide vocational experts with a complete picture of a claimant's residual functional capacity, and vocational experts must consider deficiencies of concentration, persistence, and pace." *Jelinek v. Astrue*, 662 F.3d 805, 813 (7th Cir. 2011). When the ALJ posed a hypothetical to the VE regarding the existence of other jobs of sufficient number in the economy that the Plaintiff could perform, the ALJ referenced only the limitations ultimately expounded in the RFC and did not reference the fact that the Plaintiff had difficulties with concentration, persistence and pace. That is, the ALJ questioned the VE only regarding individuals that were limited to "simple, routine tasks." (*See* R. 77–78.)

"When the hypothetical question is fundamentally flawed because it is limited to the facts presented in the question and does not include all of the limitations supported by medical evidence in the record, the decision of the ALJ that a claimant can adjust to other work in the economy cannot stand." *Young v. Barnhart*, 362 F.3d 995, 1005 (7th Cir. 2004). Thus, the Court

must remand this case for further consideration. On remand, the ALJ should ensure that any limitations found to exist are adequately incorporated into the Plaintiff's RFC and that any hypotheticals posed to a vocational expert adequately apprise the expert of each limitation.

**C.      Plaintiff's Subjective Testimony**

"An ALJ is in the best position to determine the credibility of witnesses, and a credibility determination will be overturned only if it is patently wrong." *Pinder v. Astrue*, No. 3:09-CV-363, 2010 WL 2243248, at *4 (N.D. Ind. June 1, 2010) (*citing Craft*, 539 F.3d at 678). "Reviewing courts therefore should rarely disturb an ALJ's credibility determination, unless that finding is unreasonable or unsupported." *Getch v. Astrue*, 539 F.3d 473, 483 (7th Cir. 2008). However, "a failure to adequately explain his or her credibility finding by discussing specific reasons supported by the record is grounds for reversal." *Minnick v. Colvin*, 775 F.3d 929, 937 (7th Cir. 2015) (citing *Terry*, 580 F.3d at 477); *Brindisi v. Barnhart*, 315 F.3d 783, 787–88 (7th Cir. 2003); *Salaiz v. Colvin*, 202 F. Supp. 3d 887, 893 (N.D. Ind. 2016). "The determination of credibility must be supported by the evidence and must be specific enough to enable the claimant and a reviewing body to understand the reasoning." *Craft*, 539 F.3d at 678.

With regard to the Plaintiff's testimony regarding his symptoms, the only reason that the ALJ gives for rejecting his assertions is that they are not supported by the medical evidence. But, the Seventh Circuit, and this District, have rejected such an approach. *See, e.g.*, *Villano v. Astrue*, 556, F.3d 558, 562 (7th Cir. 2009) ("[T]he ALJ may not discredit a claimant's testimony about her pain and limitations solely because there is no objective medical evidence supporting it."); *see also Moore v. Colvin*, 743 F.3d 1118, 1125 (7th Cir. 2014) (same); *Thomas v. Colvin*, 534 F. App'x 546, 552 (7th Cir. 2013) (same); *Myles v. Astrue*, 585 F.3d 672, 677 (7th Cir. 2009)

10

(same); *Boyd v. Barnhart*, 175 F. App'x 47, 50 (7th Cir. 2006) (reversing and remanding for insufficient credibility determination where the Commissioner "defended the ALJ's decision by relying on the objective medical evidence, the testimony of the vocational expert, and a brief discussion of [the claimant's] daily living activities"); *Salaiz*, 202 F. Supp. 3d at 893–94 ("The ALJ erred when assessing the Plaintiff's credibility because she relied entirely on medical evidence . . . ."); *Vercel v. Colvin*, No. 2:15-CV-81, 2016 WL 1178529, at *4 (N.D. Ind. Mar. 28, 2016) (Although the "ALJ is not required to give full credit to every statement of pain made by the claimant . . . a claimant's statements regarding symptoms or the effect of symptoms on his ability to work 'may not be disregarded solely because they are not substantiated by objective evidence.'") (quoting SSR 96-7p at *6).

In fact, "the whole point of the credibility determination is to determine whether the claimant's allegations are credible *despite* the fact that they are not substantiated by the objective medical records." *Stephens v. Colvin*, 2014 WL 1047817, at *9 (N.D. Ind. Mar. 18, 2014) (emphasis in original). This issue therefore requires remand.

## CONCLUSION

Accordingly, the Court REVERSES and REMANDS this case for further proceedings in accordance with this Opinion and Order.

SO ORDERED on August 31, 2018.

                                                s/ Theresa L. Springmann
                                              CHIEF JUDGE THERESA L. SPRINGMANN
                                              UNITED STATES DISTRICT COURT